# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SPBR HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-CV-0543-W-FJG |
| ) | |
| KWAL-HOWELLS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss, Transfer Venue or Compel Arbitration and Stay Proceedings (Doc. # 4).

### I. BACKGROUND

Defendant KWAL-Howells, Inc. ("KWAL") is a paint manufacturer and retailer. Plaintiff SPBR Holdings, Inc. ("SPBR") and its affiliates are retailers of paint and paint related products. SPBR purchased ten paint stores and related items from KWAL in June 2011. As a result of the sale, the parties entered into a "Dealer Agreement." The Dealer Agreement was negotiated by both sides, each of whom were represented by counsel. The Dealer Agreement discussed various aspects of the parties' relationship, including the purchase and sale of products. Plaintiff alleges that soon after the agreement was entered into, KWAL stopped supplying paint to SPBR and its affiliates. Plaintiff alleges that as a result it was forced to purchase paint from other suppliers, at a greater cost and that this has hurt its business. Defendant KWAL argues that plaintiff breached the Dealer Agreement and as a result KWAL filed a demand for arbitration on

May 17, 2012 with the American Arbitration Association in Colorado as required by the Dealer Agreement. KWAL states that plaintiff answered the Complaint in Arbitration and that the parties have been proceeding with the arbitration proceedings for more than a year. On April 1, 2013, plaintiff filed suit in Jackson County, Missouri asserting various claims against KWAL, including: breach of contract, violation of Mo.Rev.Stat. § 407.405, promissory estoppel, fraudulent nondisclosure, fraud, negligent misrepresentation, breach of duty of good faith and fair dealing, tortious interference with contracts and business expectancy and declaratory judgment. KWAL removed the case to this Court on May 31, 2013. KWAL is now seeking dismissal of this suit on the basis that plaintiff's claims are covered by the arbitration provision contained in the Dealer Agreement and that venue in this Court is improper.

## II. CHOICE OF LAW

The Dealer Agreement states that it shall be "construed, interpreted, and governed by the laws of the State of Colorado. . . .The district courts located in Denver, Colorado shall have sole jurisdiction over any and all controversies which arise under this Agreement. DEALER hereby waives any other venue or jurisdiction he or she may be entitled to by virtue of residence, nationality, domicile or otherwise. Further, any action brought in any court except the foregoing shall be dismissed without prejudice upon application of either Party, and may be re-filed by either Party as permitted hereinabove." (Dealer Agreement, Section ¶ 36).

> Federal courts sitting in diversity apply the choice-of-law rules of the forum state. Prudential Ins. Co. of Am. v. Kamrath, 475 F.3d 920, 924 (8th Cir. 2007). Under Missouri law, a choice-of-law clause in a contract generally is enforceable unless application of the agreed-to law is

> 'contrary to a fundamental policy of Missouri.' Kagan v. Master Home
> Prods. Ltd., 193 S.W.3d 401, 407 (Mo.Ct.App. 2006).

Cicle v. Chase Bank USA, 583 F.3d 549, 553 (8th Cir. 2009). In the instant case, because the Dealer Agreement states that Colorado law applies and because the parties do not dispute this, the Court finds that Colorado law applies to this dispute.

### III. STANDARD

> Under the Federal Arbitration Act ("F.A.A."), 9 U.S.C. § 1 et seq., agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has "long recognized and enforced a liberal federal policy favoring arbitration agreements," and under this policy, doubts concerning the scope of arbitrable issues are resolved in favor of arbitration. Nat'l Am. Ins. Co. v. SCOR Reinsurance Co., 362 F.3d 1288, 1290 (10th Cir.2004)(quoting Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002)). . . .The decision whether to enforce an arbitration agreement requires a two-step inquiry: first, the Court must determine whether a valid agreement to arbitrate exists; and, second, the Court must determine whether the specific dispute falls within the scope of that agreement. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614,626 (1985); see also Pikes Peak Nephrology Assocs., P.C. v. Total Renal Care, Inc., No. 09-cv-00928-CMA-MEH, 2010 WL 1348326, at *5 (D.Colo.Mar. 30, 2010).

Adams v. Modernad Media, LLC, No. 12-cv-00513-PAB-MEH, 2013 WL 674024, *3 (D.Colo. Feb. 25, 2013).

### IV. DISCUSSION

**A. Who Decides the Question of Arbitrability?**

KWAL argues that if the parties agree to arbitration, then arbitrability should be decided by an arbitrator in the first instance. KWAL states that the Arbitration Clause at issue in this case states in part:

> All disputes, claims, and controversies among the Parties arising under

3

or which are related to this Agreement, other than those arising under or related to the provision of Section 10.7 and 26(e), whether arising before or after termination, upon which an amicable resolution by good faith negotiations cannot be reached within thirty (30) days after notice of any such dispute has been provided by one party to the other party, shall be submitted to binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association as then in effect. Except as otherwise provided herein, and except where the remedy available to one of the parties may only be provided by a court of law or agency, the procedures of the American Arbitration Association shall be the sole and exclusive procedures for the resolution of any such disputes among the Parties arising out of or relating to this Agreement.

(Dealer Agreement, Section ¶ 19)

KWAL argues that because the clause contains language that KWAL and SPBR have agreed to arbitrate "all disputes, claims and controversies . . .arising under or which are related to this Agreement . . . .", this demonstrates that they agreed to have an arbitrator decide the question of arbitrability. The Court disagrees.

In Bolsa Resources, Inc. v. AGC Resource, Inc., No. 11-CV-01293-MSK-KMT, 2011 WL 6370409, *7(D.Colo. Dec. 20, 2011), the Court stated, "[u]nless the parties to an agreement 'clearly and unmistakably' provide otherwise, the question of 'arbitrability,' that is, whether the contract requires the parties to arbitrate a particular claim or grievance, is an issue for judicial determination. Newmont U.S.A. Ltd. v. Ins. Co. of N.Am., 615 F.3d 1268,1274 (10th Cir.2010)(citations omitted)." In the instant case, the arbitration provision discusses what disputes and claims are covered by the arbitration provision, but does not specifically reference *who* will decide the question of arbitrability. In Bolsa, the Court found that there was "no express reference to the threshold issue of arbitrability or a clear election in this regard. Rather, the language contains a general reference to the contract and disputes; this is insufficient to override the general

4

principle that questions of arbitrability are matters of judicial interpretation." Id. at *8. KWAL argues in reply that where the parties incorporated the rules of the American Arbitration Association into their agreement, they evidenced a clear intent to have an arbitrator decide the issue of abitrability. In Urbanic v. Travelers Ins. Co., No.10-CV-02368-WYD-MJW, 2011 WL 1743412, *6 (D.Colo. May 6, 2011), the Court found that where the agreement simply referenced the AAA, and did not "expressly incorporate specific AAA rules, nor . . . state that the validity of the Arbitration Agreement shall be decided by the arbitrator" that this was not a "clear and unmistakable" choice that the parties had agreed to have an arbitrator decide the question of arbitrability. Similarly, in this case, the Court finds that the Arbitration clause makes only a reference to the Commercial Arbitration Rules of the AAA and does not mention or incorporate any specific rules of the AAA. The Arbitration clause merely states that "the procedures of the American Arbitration Association shall be the sole and exclusive procedures for the resolution of any such disputes among the Parties arising out of or relating to this Agreement." (Dealer Agreement, Section ¶ 19). The Court finds that this language does not evidence a "clear and unmistakable" intent that the parties agreed to have an arbitrator decide the question of arbitrability. Therefore, the Court will proceed with analyzing whether the claims at issue are covered by the arbitration clause.

**B. Are Plaintiff's Claims Covered by the Arbitration Clause?**

KWAL, as the party asserting that the arbitration clause applies, has "the burden of establishing that [plaintiff's] claims are subject to arbitration." Adams, 2013 WL 674024 at *3. If KWAL meets this burden, then the burden shifts to plaintiff to show that

5

there is a "genuine issue of material fact as to the making of the agreement, using evidence comparable to that identified in Fed.R.Civ.P. 56." Stein v. Burt-Kuni One, LLC, 396 F.Supp.2d 1211,1213 (D.Colo.2005).  KWAL argues that plaintiff's claims are covered by the Arbitration Clause because the clause is broad and requires that all claims and disputes arising out of, or relating to, the Dealer Agreement be resolved under the terms of the Arbitration Clause.  KWAL argues that plaintiff cannot deny that: 1) it agreed to the terms of the Dealer Agreement; 2) the Arbitration clause is broad or 3) that plaintiff's claims fall within the scope of the Arbitration clause.

Plaintiff does not dispute that a valid arbitration agreement exists or that it agreed to the clause. But, plaintiff argues that in this instance, its claims are not subject to arbitration because the Dealer Agreement expressly omitted the claims from arbitration and is ambiguous on the subject of arbitration. Plaintiff argues that its claims do not fall under the scope of the arbitration clause because the clause contains a "carve-out" exception.  The exception clause with the arbitration provision states: "[a]ll disputes, claims, and controversies among the Parties arising under or which are related to this Agreement, *other than those arising under or related to the provisions of Section 10.7 and 26(e)*[1]*. . .* shall be submitted to binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association as then in effect." (Dealer Agreement, Section ¶ 19)(emphasis added).

Section ¶ 10.7 states in part:

It is understood by the Parties hereto that DEALER'S timely payment for

---

[1] It should be noted that Section 26(e) is not applicable because the Dealer Agreement states that it was intentionally omitted.

6

> Products as provided herein is of the essence of this Agreement, and in the event that DEALER fails to make the payments in accordance with the terms and conditions of this Agreement . . .KWAL may elect to terminate this Agreement, provided that KWAL gives DEALER written notice of such breach and such breach is not cured within thirty (30) days from the date of such receipt of such written notice. Until and unless such breach by DEALER is cured and payment made in full, KWAL may refuse to fill any purchase orders and may suspend delivery of any pending orders for Products.

(Dealer Agreement, Section ¶ 10.7). Plaintiff states that its petition asserts a variety of claims which are nearly all based in part on KWAL's failure to provide statutory notice of its purported termination of the Dealer Agreement and KWAL's failure to ship the product. Plaintiff states that its claims for promissory estoppel, breach of contract, violation of the Missouri statute related to notice for termination of franchisees, fraud, negligent misrepresentation, breach of duty of good faith and fair dealing, tortious interference with contracts and business expectancy are all based on KWAL's failure to fill purchase orders and the attempted termination of the Dealer Agreement. Plaintiff also argues that Section ¶ 36 of the Dealer Agreement states that "[t]he district courts located in Denver, Colorado shall have sole jurisdiction over any and all controversies which arise under this Agreement." Plaintiff argues that the inclusion of this clause means that all disputes arising under the Dealer Agreement shall be litigated in the district courts in Denver, Colorado and not in arbitration. Plaintiff argues that the inclusion of this clause makes the Dealer Agreement ambiguous on the subject of arbitration.

In response, KWAL argues that none of its claims and none of plaintiff's claims are brought under Section 10.7. KWAL states that it has made six claims against

plaintiff in the arbitration proceeding. Specifically, KWAL states that the claims arise under Sections ¶¶ 2, 3, 4.2, 6.10, 7.6, 7.7, 7.10a, 15.1 and 15.4b, each of which call for mandatory arbitration. The claims which plaintiff has asserted against KWAL include:

> **Count I – Breach of Contract**. Plaintiff alleges that KWAL failed to perform under the Dealer Agreement by failing to sell plaintiff quantities of product which it ordered, failed to deliver orders within the time requested and ship orders that were 90% complete within 48 hours of purchase orders being submitted, failed to manufacture, sell and deliver product to plaintiff in amounts reasonably estimated to meet projected sales. Failed to use efforts to meet plaintiff's requirements for the product and to fill orders on a timely basis and obtain or maintain equipment, machinery, manufacturing facilities and labor force necessary to meet plaintiff's requirements for product. Failed to provide plaintiff with adequate supplies of marketing materials, failed to obtain adequate sources of supply and delivery schedules for raw materials and failed to cooperate with plaintiff to enable KWAL to achieve and maintain production and technical capabilities necessary to meet plaintiff's requirements for Product, projected sales and delivery schedules.
>
> **Count II – Violation of Mo.Rev.Stat. § 407.405.** This statutory provision requires that a dealer receive ninety days notice for cancellation of its franchise agreement.
>
> **Count III – Promissory Estoppel** Plaintiff alleges that it reached agreements with KWAL that had clear and definitive terms regarding KWAL's providing Product to plaintiff and filling orders in a timely fashion. Plaintiff states that it reasonably relied on KWAL's representations that it would provide Product to plaintiff and properly account for all invoices issued to plaintiff.
>
> **Count IV - Fraudulent Nondisclosure** Plaintiff alleges that KWAL failed to disclose material information to plaintiff including information concerning KWAL's financial condition in June 2011 and its ability to perform under the Dealer Agreement. Plaintiff alleges that KWAL knowingly failed to make the disclosures and intended to deceive plaintiff by withholding accurate information.
>
> **Count V – Fraud**. Plaintiff alleges that KWAL either falsely represented or failed to disclose material information to plaintiff. Plaintiff also asserts that KWAL presented invoices and other billing statements to plaintiff

8

which contained false information.

**Count VI – Negligent Misrepresentation**. Plaintiff alleges that KWAL failed to exercise reasonable care in supplying information to plaintiff concerning its financial condition and supplied inaccurate information regarding the type and amount of product ordered by plaintiff.

**Count VII – Breach of Duty of Good Faith and Fair Dealing**. Plaintiff alleges that in connection with the Dealer Agreement, KWAL had a duty to act in good faith and deal fairly in the performance off all agreements. Plaintiff states that contrary to the representations made by KWAL, it breached its duty of good faith and fair dealing by engaging in the conduct described.

**Count VIII – Tortious Interference with Contracts and Business Expectancy.** Plaintiff alleges that it had contracts and business relationships with a number of third parties. Plaintiff alleges that it had an expectancy of profiting from the Dealer Agreement and its agreements with the third parties. Plaintiff claims that KWAL had knowledge of plaintiff's contracts and business relationships and its actions interfered with plaintiff's relationships, contracts and expectancy of profiting from the Dealer Agreement.

**Count IX - Declaratory Judgment**. Plaintiff states that its causes of action arise under or relate to Section 10.7 of the Dealer Agreement and do not require arbitration. Plaintiff requests that the Court enter declaratory judgment finding that the arbitration provision does not require arbitration of the causes of action asserted in the Petition and declare that the Court has subject matter jurisdiction to hear the claims asserted.

As was discussed above, the only claims which *are not* subject to arbitration are those arising under Section 10.7 of the Agreement. That Section states that plaintiff's timely payment for the Product is of the essence and in the event that plaintiff fails to make payments in accordance with the terms and conditions of the Agreement, for any reason, KWAL may terminate the Agreement, provided that it gives plaintiff written notice and the breach is not cured within thirty days. The Section further states that until the breach is cured by plaintiff and payment made in full, KWAL may refuse to fill

any purchase orders and may suspend delivery of any pending orders.

Pursuant to the Arbitration Provision, "[al]l other disputes, claims and controversies among the Parties arising under or which are related to this Agreement, other than those arising under or related to the provisions of Section 10.7 and Section 26(e) . . . shall be submitted to binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association as then in effect." The Court finds that after reviewing the allegations in plaintiff's petition, none of those claims relate to the Section 10.7. Section 10.7 concerns KWAL's right to terminate the Agreement for plaintiff's non-payment of goods. Plaintiff's Petition on the other hand asserts various claims against KWAL for breach of the Agreement, misrepresentation or nondisclosure of information and interference. Because these claims do not pertain to Section ¶10.7, the Court finds that they are covered by the general Arbitration Provision contained in Section ¶ 19 of the Dealer Agreement.

### C. Dismissal, Stay or Transfer

KWAL argues that because all of the claims in plaintiff's petition are subject to arbitration, a stay is not necessary and the action should be dismissed. Alternatively, KWAL argues that dismissal is also warranted on the basis of improper venue, as the Dealer Agreement provides that Denver, Colorado is the proper venue for any litigation arising out of the agreement. Plaintiff states that if the Court determines that its claims fall within the arbitration clause, the defenses raised by KWAL will fall within the exception to arbitration and the Court should stay the case because the arbitration may not resolve the entire dispute between the parties.

In Green v. SuperShuttle Intern., Inc., 653 F.3d 766 (8th Cir. 2011), the Court recognized the general proposition that "[t]he FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." Id. at 769. In that case, the Eighth Circuit noted that the district court in dismissing the underlying action had relied upon a "judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." Id. at 769-770. The Eighth Circuit found that the district court erred in dismissing that case because "it is not clear [that] all of the contested issues between the parties will be resolved by arbitration." Id. at 770. The Court noted that the arbitrator might determine that an exemption applies and if so, plaintiff and others would be prejudiced by the dismissal of the action because the statute of limitations might have already run. However, in the instant case, the Arbitration panel has already considered whether the carve-out exception applies and has found that it is not applicable. "The Panel finds that it has jurisdiction to interpret Section 10.7 and construes it narrowly to limit it to withholding shipment of ordered goods and termination of the dealership, but not to the dispute presently before them. The Panel concludes that it has jurisdiction to resolve the issues in dispute between the parties." (Reply Suggestions in Support of Motion to Dismiss, Exhibit D, p.4,). As discussed above, the Court has also analyzed the carve-out exception and finds that it does not apply to either KWAL's claims asserted against plaintiff in the arbitration or to those claims asserted by plaintiff against KWAL in the Missouri state court petition. As the Court stated in Rothman Furniture Stores, Inc. v.

11

Everest Software, Inc., No. 4:10-CV-848-CDP, 2010 WL 4319707, *2 (E.D.Mo.Oct. 22, 2010), "where all of the issues raised in the Complaint must be submitted to arbitration in accordance with a valid and enforceable arbitration agreement, most courts agree that dismissal of the cause, rather than imposing a stay, is appropriate." Rosemann v. Sigillito, 877 F.Supp.2d 763, 777 (E.D.Mo. 2012)(court found that both of plaintiff's claims fell with the arbitration provision and that no purpose would be served by staying the case and thus dismissed it); Randazzo v. Anchen Pharmaceuticals, Inc., No. 4:12-CV-999 CAS, 2012 WL 5051023 (E.D.Mo. Oct. 18, 2012)(same); Cahill v. Alternative Wines, Inc., No. 12-CV-110-LRR, 2013 WL 427396 (N.D.Iowa Feb.4, 2013)("several courts have held that dismissal is appropriate when all of the issues raised in the action must be submitted to arbitration in accordance with a valid and enforceable arbitration agreement.")(collecting cases).

## V. CONCLUSION

Accordingly, because the Court has concluded that the parties entered into a valid arbitration clause and because the Court has determined that all of the claims raised by plaintiff fall within the arbitration clause of the Dealer Agreement, the Court finds that no purpose would be served by staying this case. Therefore, the Court hereby **GRANTS** defendant KWAL's Motion to Dismiss plaintiff's petition (Doc. # 4).

Date: December 23, 2013      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri      Fernando J. Gaitan, Jr.
     Chief United States District Judge